JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10114 PA (PLAx) | Date | November 30, 2012 |
|---|---|---|---|
| Title | US Bank, N.A., et al. v. Shahriar Karimi, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**	IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on November 27, 2012, by Abhinesh Dayal ("Removing Defendant"). Plaintiff US Bank National Association, as trustee for the holders of Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2005-10 ("Plaintiff") filed its Complaint in Los Angeles County Superior Court asserting a single cause of action for unlawful detainer. Removing Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1343, which provides that district courts shall have original jurisdiction of any civil action authorized by law to redress civil rights violations. Defendant also invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

**I.	Removal Under 28 U.S.C. §§ 1343 and 1443**

Removing Defendant's Notice of Removal asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1343, which provides that district courts shall have original jurisdiction where the plaintiff seeks redress for the deprivation of his or her civil rights. However, here, Plaintiff has not asserted any claims for civil rights violations; Plaintiff's Complaint alleges only a single cause of action for unlawful detainer.

To the extent that Removing Defendant is seeking to remove pursuant to 28 U.S.C. § 1443, Defendant also fails to show that subject matter jurisdiction exists over this action. A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10114 PA (PLAx) | Date | November 30, 2012 |
|---|---|---|---|
| Title | US Bank, N.A., et al. v. Shahriar Karimi, et al. | | |

and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir. 2006). Removing Defendant does not allege any facts that would support removal under § 1443 and therefore Removing Defendant meets neither part of the Supreme Court's test in Georgia v. Rachel. There are no allegations or any other indication that Removing Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Removing Defendant's allegations concerning the asserted deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Removing Defendant's federal rights. See Patel, 446 F.3d at 998–99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under §§ 1343 & 1443.

### II.     Diversity Jurisdiction

Removing Defendant has also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10114 PA (PLAx) | Date | November 30, 2012 |
|---|---|---|---|
| Title | US Bank, N.A., et al. v. Shahriar Karimi, et al. | | |

and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      Although Removing Defendant alleges that the Court has jurisdiction under 28 U.S.C. § 1332, Removing Defendant never alleges that the amount in controversy exceeds $75,000.  Even if Removing Defendant had alleged that the amount in controversy threshold had been met, the caption of the Complaint clearly states that the "amount demanded does not exceed $10,000."  In unlawful detainer actions, the title to the property is not involved — only the right to possession.  Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977).  As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property.  Id.  Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and $497.21 per day from the expiration of the Notice to Vacate until it obtains a judgment.  Thus, given that the amount of the note is not in controversy, Removing Defendant has failed to show that this action meets the minimum jurisdictional requirement.

## CONCLUSION

      For the foregoing reasons, Removing Defendant has failed to meet his burden of showing that federal subject matter jurisdiction exists over this action.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Van Nuys Courthouse East of the Los Angeles County Superior Court, Case No. 12B05036.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.